# EXHIBIT A

ELECTRONICALLY FILED
2017 Oct 18 PM 2:23
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-004778

Alanzo McIntosh

vs.

Equifax Information Services, LLC et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Equifax Information Services, LLC**
**RA: CORPORATION SERVICE COMPA, 2900 SW WANAMAKER DRIVE SUITE**
**Topeka, MO 66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 11/20/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed on 10/19/2017 01:05:03 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2017 Oct 18 PM 2:23
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-004778

**In the District Court of Wyandotte County, Kansas
Limited Actions Division**

ALANZO A MCINTOSH, JR.,

           Plaintiff,

vs.

CAPITAL ONE N.A., TRIDENT ASSET
MANAGEMENT LLP, EXPERIAN
INFORMATION SOLUTIONS INC., TRANS
UNION, LLC AND EQUIFAX
INFORMATION SERVICES, LLC,

           Defendants.

Case Number: _____

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1.      This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 et seq.

2.      Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

4.      Plaintiff is a resident of Kansas.

1

5.      Defendant Capital One N.A. is a Delaware Corporation.

6.      At all times relevant hereto, Defendant Capital One N.A. was and is engaged in the business of extending consumer credit cards, all within Kansas.

7.      Defendant Trident Asset Management LLP is a Georgia Limited Partnership.

8.      At all times relevant hereto, Defendant Trident Asset Management LLP was and is engaged in the business of collecting consumer debts, all within Kansas.

9.      Defendant Equifax Information Systems, LLC (Equifax) is a Delaware Limited Liability Company.

10.     At all times relevant hereto, Defendant Equifax was and is engaged in the business of credit reporting, all within Kansas.

11.     Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

12.     At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

13.     Defendant Experian Information Solutions Inc. is a Delaware corporation.

14.     At all times relevant hereto, Defendant Experian was and is engaged in the business of credit reporting, all within Kansas.

15.     In June 2017, Defendants Equifax, Experian, and Trans Union reported accounts, including those reported by Defendants Capital One and Trident Asset Management LLP, on Plaintiff's credit reports.

16.     Plaintiff did not recognize these accounts.

17.     These accounts did not belong to Plaintiff.

2

18.    Plaintiff believes these accounts could belong to his father of the same name.

19.    On June 22, 2017, Plaintiff sent disputes to Defendants Equifax, Experian, and Trans Union indicating that the accounts, including those reported by Defendantns Capital One and Trident Asset Management LLP, were not his accounts and that the negative accounts should be removed.

20.    On July 20, 2017, Defendant Experian sent Plaintiff a letter indicating that Experian had contacted Capital One and Trident Asset Management LLP reporting the information disputed and that the information was confirmed accurate by Capital One and Trident Asset Management LLP and would continue to report.

21.    Despite receiving the disputes, Defendants Equifax and Trans Union continued to report the wrongful and negative accounts.

22.    Defendants Equifax, Experian, and Trans Union have Defendants have been reporting and reinserting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

22.    Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiff's credit worthiness.

23.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and s credit worthiness.

### Count I – Violations of the Fair Credit Reporting Act –<br>Defendants Equifax, Experian, and Trans Union

Comes now Plaintiff and for Count I against the Defendants Equifax, Experian, and Trans Union states and alleges to the Court as follows:

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     At all times pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for preparing or furnishing consumer reports.

26.     At all times pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for preparing or furnishing consumer reports.

27.     At all times pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for preparing or furnishing consumer reports.

28.     At all times pertinent hereto, the Plaintiff Alanzo A McIntosh, Jr. is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

29.     At all times pertinent hereto, the above-mentioned credit reports were written, oral, or

4

other communication of any information by a consumer reporting agency bearing on a

consumer's credit worthiness, credit standing, credit capacity, character, general

reputation, personal characteristics, or mode of living which is used or expected to be

used or collected in whole or in part for the purpose of serving as a factor in establishing

the consumer's eligibility for credit or insurance to be used primarily for personal,

family, or household purposes; employment purposes; or any other purpose authorized

under 15 U.S.C. 1681b.

30.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax,

Experian, and Trans Union are liable to the Plaintiff for willfully and negligently failing

to comply with the requirements imposed on consumer reporting agencies of information

pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum

possible accuracy to prevent such reporting of inaccurate information in Plaintiff's

reports.

31.     In addition, Plaintiff disputed the inaccuracy to Defendants Equifax, Experian, and Trans

Union and Defendants Equifax, Experian, and Trans Union failed to correct the

inaccuracies.

32.     Under 15 U.S.C. §1681n and 15 U.S.C. §1681o,  Defendants Equifax,

Experian, and Trans Union are liable to the Plaintiff for willfully and negligently failing

to comply with the requirements imposed on consumer reporting agencies of information

under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to

reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's

consumer reports or delete the false data or otherwise conduct an appropriate, lawful

5

reinvestigation.

33.     The conduct of Defendants Equifax, Experian, and Trans Union were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendants Equifax, Experian, and Trans Union based on the following requested relief:

     a.     Actual damages;

     b.     Statutory damages;

     c.     Punitive damages

     d.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

     e.     Such other and further relief as may be necessary, just and proper

### Count II – Violations of the FCRA – Defendants Capital One and Trident Asset Management LLP

Comes now Plaintiff and for Count II against Defendants Capital One and Trident Asset Management LLP and states and alleges to the Court:

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6

35.     Upon information and belief, the consumer reporting agencies reported to the Defendants Capital One and Trident Asset Management LLP, furnisher-subscriber (creditor and collector), that Plaintiff disputed the charge-off, delinquency and false credit reporting.

36.     Despite receipt of the same dispute several times, the Defendants Capital One and Trident Asset Management LLP, furnisher-subscriber (creditor and collector), failed to respond with truthful information, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the consumer reporting agencies, all in violation of the Act.

37.     According to the national consumer reporting agencies' reports, the Defendants Capital One and Trident Asset Management LLP, furnisher-subscriber, continued to falsely report about Plaintiff.

38.     Defendants Capital One and Trident Asset Management LLP, furnisher-subscriber (creditor and collector), have likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

39.     Rather, Defendants Capital One and Trident Asset Management LLP, furnisher-subscriber (creditor and collector), continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information they reported about the Plaintiff, as described more fully above.

40.    Defendants Capital One and Trident Asset Management LLP, furnisher-subscriber (creditor and collector), failed to investigate or reinvestigate regarding consumer credit data they reported and repeatedly re-reported about Plaintiff.

41.    Defendants Capital One and Trident Asset Management LLP, furnisher-subscriber (creditor and collector), failed to review all relevant and pertinent information provided to it by the consumer reporting agencies.

42.    Defendants Capital One and Trident Asset Management LLP, furnisher-subscriber (creditor and collector), knew or should have known that its reporting and activities would (and will) damage Plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights his secured by honoring his obligations to all of his creditors.

43.    Defendants Capital One and Trident Asset Management LLP, furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the consumer reporting agencies of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

44.    The conduct of Defendants Capital One and Trident Asset Management LLP was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendants Capital One and Trident Asset Management LLP are liable to the Plaintiff for the amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

8

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendants Capital One and Trident Asset Management LLP for the following requested relief:

      a.    Actual damages;

      b.    Statutory damages;

      c.    Punitive damages;

      d.    Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

      e.    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Stecklein & Rapp
748 Ann Avenue
Kansas City, KS 66101
Telephone:   (913) 371-0727
Facsimile:    (913) 371-0727
Email: aj@kcconsumerlawyer.com
       mr@kcconsumerlawyer.com
Attorneys for Plaintiff

9