UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ALANZO A. MCINTOSH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:17-cv-02657 |
| | ) |
| CAPITAL ONE N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Equifax denies that it violated the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction.

3. Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 3.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax denies the allegations in Paragraph 9.

10. Equifax admits the allegations in Paragraph 10.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

truth of the allegations in Paragraph 3.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax denies the allegations in Paragraph 9.

10. Equifax admits the allegations in Paragraph 10.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax admits that it received a dispute from Plaintiff on July 7, 2017. Equifax states that the dispute speaks for itself and to the extent Plaintiff misstates, misrepresents, and/or mischaracterizes the contents of Plaintiff's dispute the remaining allegations in Paragraph 19 are denied.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Equifax denies the allegations in Paragraph 21 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21.

22. Equifax denies the allegations in Paragraph 22 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23. Equifax denies the allegations in Paragraph 23 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 23.

25. Equifax admits the allegations in Paragraph 25.

26. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Equifax admits the allegations in Paragraph 28.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Equifax denies the allegations in Paragraph 30 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

31. Equifax denies the allegations in Paragraph 31 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

32. Equifax denies the allegations in Paragraph 32 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32.

33. Equifax denies the allegations in Paragraph 33 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

34. Equifax denies that the Plaintiff is entitled to any relief claimed in his Complaint.

35. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### FIRST DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

### SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### FOURTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### FIFTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## SIXTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## SEVENTH DEFENSE

Equifax asserts improper venue as a defense and reserves the right to seek a transfer of venue.

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) Equifax receive a trial by jury for all issues so triable;

(4) Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,

POLSINELLI PC

 /s/ G. Gabriel Zorogastua
G. Gabriel Zorogastua          KS Bar #23556
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Telephone:  (816) 753-1000
Facsimile:   (816) 753-1536
gzorogastua@polsinelli.com

*ATTORNEYS FOR DEFENDANT EQUIFAX INFORMATION SERVICES LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 17th day of November, 2017.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

A.J. Stecklein, Esq.
Michael Rapp, Esq.
STECKLEIN & RAPP CHARTERED
748 Ann Avenue
Kansas City, Kansas 66101
Email: aj@kcconsumerlawyer.com
Email: mr@kcconsumerlawyer.com
*Attorneys for Plaintiff*

 /s/ G. Gabriel Zorogastua
Attorney for Defendant Equifax Information Services LLC

7

61137878.1